1  Floyd W. Bybee, #012651
   **BYBEE LAW CENTER, PLC**
2  90 S. Kyrene Rd., Ste. 5
   Chandler, AZ 85226-4687
3  Office: (480) 756-8822
   Fax: (480) 302-4186
4  floyd@bybeelaw.com

5  Attorney for Plaintiff

6

7  ## UNITED STATES DISTRICT COURT

8  ## DISTRICT OF ARIZONA

9

10  Timothy G. Parker;                            )   No.
                                                  )
11                                                )
                                                  )
12        Plaintiff,                              )   **COMPLAINT**
                                                  )
13  v.                                            )
                                                  )
14  Healthcare Revenue Recovery                   )   (Jury Trial Demanded)
    Group, LLC, d/b/a ARS Account                 )
15  Resolution Services; and                      )
    Equifax Information Services, LLC.;           )
16                                                )
    Defendants.                                   )
17                                                )
                                                  )
18

## I. PRELIMINARY STATEMENT

19

20  1.   Plaintiff brings this action for damages based upon Defendants' viola-

21       tions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

22       §§ 1692 *et seq*. and / or the Fair Credit Reporting Act ("FCRA"), 15

23       U.S.C. §§ 1681 *et seq*. Plaintiff seeks to recover statutory damages,

24       actual damages, punitive damages, costs and attorney's fees.

## II. JURISDICTION

25  2.   Jurisdiction of this Court, over this action and the parties herein, arises

1   under 15 U.S.C. § 1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and

2   28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of

3   Arizona as Plaintiff's claims arose from acts of the Defendants perpe-

4   trated therein.

### III.  PARTIES

6   3.   Plaintiff Timothy G. Parker is a resident of Maricopa County, Arizona.

7   4.   Mr. Parker is a natural person who is allegedly obligated to pay two

8        medical bills which were incurred for personal, family, or household

9        purposes.

10  5.   Mr. Parker is a "consumer" as that term is defined by FDCPA §

11       1692a(3).

12  6.   Defendant Healthcare Revenue Recovery Group, LLC ("Healthcare") is

13       a foreign limited liability company registered and conducting business

14       within the state of Arizona.

15  7.   Healthcare does business under the names of ARS Account Resolution

16       Services and Account Resolutions Services.

17  8.   Healthcare collects or attempts to collect debts owed or asserted to be

18       owed or due another.

19  9.   Healthcare is licensed as a collection agency by the Arizona Depart-

20       ment of Financial Institutions, license number 0905656.

21  10.  Healthcare is a "debt collector" as that term is defined by FDCPA §

22       1692a(6).

23  11.  Healthcare is a furnisher of information as contemplated by FCRA

24       §1681s-2(a) & (b), who furnishes information to one or more consumer

25       reporting agency about consumer transactions or experiences with any

1       consumer.

2   12.   Defendant Equifax Information Services, LLC ("Equifax") is foreign

3         limited liability company registered and conducting business within the

4         state of Arizona.

5   13.   Equifax is a "person" as that term is defined by FCRA § 1681a(b).

6   14.   Equifax is a "consumer reporting agency" as that term is defined by

7         FCRA § 1681a(f).

8                    **IV.  FACTUAL ALLEGATIONS**

9   15.   In or about May 2016, Parker applied to refinance the mortgage on his

10        home in order to lower his interest rate.

11  16.   Shortly after applying, Parker received notice from his bank that in

12        order to complete the refinance, he would need to resolve two outstand-

13        ing medical collection accounts reported on his credit reports by

14        Healthcare.

15  17.   Knowing he had no collection accounts, Parker immediately acquired

16        his three credit reports from Experian, Trans Union and Equifax.

17  18.   The two Healthcare collection accounts showed on both his Trans

18        Union and Equifax reports.

19  19.   Upon information and belief, Healthcare reported these two collection

20        accounts to Plaintiff's Trans Union and Equifax credit reports in order

21        to coerce payment of these debts from Mr. Parker.

22  20.   Upon information and belief, Healthcare provided false or incomplete

23        information to Trans Union and Equifax, including an incorrect name,

24        address, Social Security Number and / or date of birth, which caused

25        these two collection accounts to appear on Mr. Parker's Equifax and

1    Trans Union credit reports.

2    21.    In the alternative, Trans Union and Equifax mixed these two collection

3            accounts with Mr. Parker's credit report even though the personal

4            identification information, including the name, Social Security Number

5            and / or date of birth did not match those of Mr. Parker.

6    22.    In May 2016, Mr. Parker sent Trans Union and Equifax notices disput-

7            ing the Healthcare collection accounts stating that the accounts did not

8            belong to him.

9    23.    Upon information and belief, and pursuant to Trans Union's obliga-

10            tions under the FCRA, Trans Union communicated Plaintiff's dispute

11            of the two collection accounts to Healthcare.

12    24.    Upon information and belief, Healthcare reported back to Trans Union

13            that the two collection accounts did not belong to Plaintiff and

14            requested that they be deleted from his Trans Union credit report.

15    25.    In the alternative, upon investigation, Trans Union concluded on its

16            own that the two Healthcare collection accounts did not belong to

17            Plaintiff and unilaterally deleted them from Mr. Parker's Trans Union

18            report.

19    26.    On or about June 11, 2016, Trans Union notified Mr. Parker that the

20            Healthcare collection accounts had been deleted from his Trans Union

21            credit report.

22    27.    Upon information and belief, and pursuant to Equifax's obligations

23            under the FCRA, Equifax communicated Plaintiff's dispute of the two

24            collection accounts to Healthcare.

25    28.    Upon information and belief, Healthcare verified to Equifax that the

1    two collection accounts belong to Plaintiff.

2  29.   In the alternative, upon investigation, Equifax concluded on its own

3        that the two Healthcare collection accounts belonged to Plaintiff and

4        unilaterally decided that they should remain on Mr. Parker's Equifax

5        credit report.

6  30.   On or about June 3, 2016, Equifax mailed Mr. Parker notice that it had

7        verified that both Healthcare collection accounts belonged to him, and

8        that the accounts would remain on his Equifax credit report.

9  31.   As a result of Defendants' actions as outlined above, Mr. Parker has

10        suffered damages including, but not limited to, economic loss, loss of

11        credit opportunities, embarrassment, humiliation, anxiety, invasion of

12        privacy, and other extreme emotional distress.

13  32.   Defendants' actions as outlined above were intentional, willful, and in

14        gross or reckless disregard of Plaintiff's rights.

15  33.   Healthcare's actions as outlined above were intentional, willful, and in

16        gross or reckless disregard of Plaintiff's rights and part of Healthcare's

17        persistent and routine practice of debt collection.

18  34.   In the alternative, Defendants' actions were negligent.

19                   **V.  CAUSES OF ACTION**

20             **Count 1. Fair Debt Collection Practices Act**

21                        (Against Healthcare)

22  35.   Plaintiff repeats, realleges, and incorporates by reference the foregoing

23        paragraphs.

24  36.   Defendant Healthcare's violations of the FDCPA include, but are not

25        necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8),

1   1692e(10), 1692f, 1692f(1), and 1692g.

2   37.   As a direct result and proximate cause of Defendant Healthcare's

3       actions in violation of the FDCPA, Plaintiff has suffered actual dam-

4       ages.

## Count 2.  Fair Credit Reporting Act

### (Negligent Noncompliance with FCRA)

### (Against Healthcare)

8   38.   Plaintiff repeats, realleges, and incorporates by reference the foregoing

9       paragraphs.

10   39.   Defendant Healthcare failed to conduct a reasonable investigation of

11       Plaintiff's disputes received from Trans Union and /or Equifax con-

12       cerning its reporting of the two collection accounts, and have otherwise

13       failed to comport with the requirements of FCRA § 1681s-2(b).

14   40.   As a result of Defendant Healthcare's failure to comply with the re-

15       quirements of the FCRA, Plaintiff has suffered, and continues to suffer,

16       actual damages for which Plaintiff seeks damages in an amount to be

17       determined by the jury.

18   41.   Plaintiff requests costs and attorney fees pursuant to 15 U.S.C.

19       §1681$o$(a).

## Count 3.  Fair Credit Reporting Act

### (Willful Noncompliance with FCRA)

### (Against Healthcare)

23   42.   Plaintiff repeats, realleges, and incorporates by reference the foregoing

24       paragraphs.

25   43.   Defendant Healthcare willfully failed to conduct a reasonable investi-

1    gation of Plaintiff's disputes received from Trans Union and Equifax

2    concerning its reporting the two collection accounts, and has otherwise

3    failed to comport with FCRA § 1681s-2(b).

4    44.    As a result of Defendant Healthcare's actions, Plaintiff has suffered,

5    and continues to suffer, actual damages for which Plaintiff seeks

6    damages in an amount to be determined by the jury. Plaintiff also seeks

7    punitive damages in an amount to be determined by the jury.

8    45.    Plaintiff requests costs and attorney fees pursuant to 15 U.S.C.

9    §1681n(a).

10                    **Count 4.  Fair Credit Reporting Act**

11                    **(Negligent Noncompliance with FCRA)**

12                    **(Against Equifax)**

13    46.    Plaintiff repeats, realleges, and incorporates by reference the foregoing

14    paragraphs.

15    47.    Defendant Equifax negligently failed to comply with the requirements

16    of FCRA including but not limited to:

17        a.    failing to follow reasonable procedures to assure maximum

18              possible accuracy of the information in reports concerning Plain-

19              tiff, as required by 15 U.S.C. § 1681e(b); and /or

20        b.    failing to conduct a reasonable investigation of Plaintiff's dis-

21              putes concerning its reporting of the two Healthcare collection

22              accounts.

23    48.    As a result of Defendant Equifax's failure to comply with the require-

24    ments of FCRA, Plaintiff has suffered, and continues to suffer, actual

25    damages, including, but not limited to, economic loss, loss of credit

1    opportunities, embarrassment, humiliation, anxiety, invasion of pri-

2    vacy, and other extreme emotional distress, for which Plaintiff seeks

3    damages in an amount to be determined by the jury.

4  49.   Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681*o*(a).

5             **Count 5.  Fair Credit Reporting Act**

6           **(Willful Noncompliance with FCRA)**

7                 **(Against Equifax)**

8  50.   Plaintiff repeats, realleges, and incorporates by reference the foregoing

9    paragraphs.

10  51.   Defendant Equifax willfully failed to comply with the requirements of

11    FCRA including but not limited to:

12      a.    failing to follow reasonable procedures to assure maximum

13          possible accuracy of the information in reports concerning Plain-

14          tiff, as required by 15 U.S.C. § 1681e(b); and / or

15      b.    failing to conduct a reasonable investigation of Plaintiff's dis-

16          putes concerning its reporting of the two Healthcare collection

17          accounts.

18  52.   As a result of Defendant Equifax's failure to comply with the require-

19    ments of FCRA, Plaintiff has suffered, and continues to suffer, actual

20    damages, including, but not limited to, economic loss, loss of credit

21    opportunities, embarrassment, humiliation, anxiety, invasion of pri-

22    vacy, and other extreme emotional distress, for which Plaintiff seeks

23    damages in an amount to be determined by the jury. Plaintiff also seeks

24    punitive damages in an amount to be determined by the jury.

25  53.   Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

1

## VI.  DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a jury trial on all issues so triable.

3

## VII.  PRAYER FOR RELIEF

4

WHEREFORE, Plaintiff requests that judgment be entered against

5

Defendants for:

6

    a)     Actual damages to be determined by the jury;

7

    b)     Punitive damages to be determined by the jury;

8

    c)     Statutory damages;

9

    d)     Costs and reasonable attorney's fees; and

10

    e)     Such other relief as may be just and proper.

11

12

DATED  July 19, 2016  .

13

14

      s/ Floyd W. Bybee
    Floyd W. Bybee, #012651

15

**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5

16

Chandler, AZ 85226-4687
Office: (480) 756-8822

17

Fax: (480) 302-4186
floyd@bybeelaw.com

18

Attorney for Plaintiff

19

20

21

22

23

24

25